UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN, #222196,

    Petitioner,

v.

CASE NO. 2:18-CV-10271
HONORABLE DENISE PAGE HOOD

LORI GIDLEY,

    Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, SEVERING AND DISMISSING THE CIVIL RIGHTS CLAIMS, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>**

**I.    INTRODUCTION**

Michigan prisoner Robert Winburn ("Petitioner") has filed a pro se petition for a writ of habeas corpus (with civil rights claims) challenging his pending prosecution on state criminal charges of first-degree home invasion, armed robbery, and conspiracy to commit first-degree home invasion in the Washtenaw County Circuit Court.[1] He states that he is representing himself

---

[1] Petitioner is currently in custody pursuant to Wayne County convictions for second-degree murder, assault with intent to commit murder, and felony firearm for which he was sentenced to 25 to 50 years imprisonment, a concurrent term of 15 to 30 years imprisonment, and a consecutive term of two years imprisonment. *See* Inmate Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=222196.

with stand-by counsel in that case and that trial is scheduled for April 23, 2018. In his petition, he asserts that he has filed 40 pre-trial motions which have not been heard and that he has been unable to pursue interlocutory appeals or exhaust state remedies. Petitioner seeks an immediate hearing and testimony, a show cause order, a conditional writ, a stay and abeyance order, and declaratory and injunctive relief under 28 U.S.C. §§ 2201, 2202, 2241, 2254 and 42 U.S.C. § 1983. The Court has granted Petitioner leave to proceed in forma pauperis for this action.

## II.  DISCUSSION

### A.  Habeas Petition

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally

frivolous claims, as well as those containing factual allegations which are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the habeas petition must be dismissed and that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

Petitioner challenges his pending criminal prosecution in the Washtenaw County Circuit Court in this habeas action. A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he

has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Urquhart v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency"); *Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

Petitioner has not met his burden. First, to the extent that Petitioner seeks dismissal of the pending state charges or release from custody, he is not entitled to federal habeas relief. *See Braden*, 410 U.S. at 493. Second, to the extent that Petitioner contests the trial court's failure to address his motions and/or matters arising from the investigation and prosecution of the pending criminal charges, he fails to show that he has exhausted his state court remedies. Given that his trial is scheduled for April 23, 2018, the state trial court may still resolve his pending motions. If not, Petitioner can seek a writ of mandamus in the state appellate courts to compel the trial court to consider those motions. *See generally Morales v. Michigan Parole Bd.*, 260 Mich. App. 29, 41-42, 676 N.W.2d 221 (2003) (citing cases). Petitioner can

4

also present his underlying claims, *i.e.,* the subject matter of his motions, to the state courts on direct appeal and/or collateral review should he be convicted. Consequently, he has not fully exhausted his state court remedies. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Lastly, Petitioner fails to establish that special circumstances warrant federal habeas review. His habeas petition is therefore premature and subject to dismissal.

### B. Civil Rights Claims

Petitioner also seems to raise civil rights claims in this action. To the extent that he wishes to pursue such claims, he must bring them in a properly filed civil rights action. The requirements for pursuing a civil rights action in federal court differ from those in a habeas proceeding, including the payment of a $350.00 filing fee and a $50.00 administrative fee for a civil rights action (which is paid up front or in installments for indigent prisoners) versus a $5.00 filing fee for a habeas action (which is paid up front or waived for indigent prisoners). Petitioner may not circumvent those requirements by filing a joint

or hybrid action. His civil rights claims are subject to severance and dismissal.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner's habeas petition challenging his ongoing state criminal proceedings is premature and must be dismissed and that any civil rights claims must be severed and dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown

that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that reasonable jurists would not find the Court's ruling debatable and that Petitioner fails to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **SEVERS** and **DISMISSES WITHOUT PREJUDICE** the civil rights claims. The Court also **DENIES** a certificate of appealability and **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: February 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>Case Manager